**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____ Chapter __11__

☐ Check if this an
amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy            4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Good Samaritan Lutheran Health Care Center, Inc.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **DBA  Bethlehem Commons Care Center** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **23-7310663** |

4.  Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **125 Rockefeller Road**<br>**Delmar, NY 12054-2221**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Albany**<br>County | Location of principal assets, if different from principal place of business<br><br>Number, Street, City, State & ZIP Code |

5.  Debtor's website (URL)    **http://www.goodsamvillage.org/**

6.  Type of debtor

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

■ Other. Specify:    **Nonprofit Corporation**

Debtor    __Good Samaritan Lutheran Health Care Center, Inc.__           Case number (*if known*) _____
          Name

**7. Describe debtor's business**

**A.** *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

**B.** *Check all that apply*

■ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__6231__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

Debtor    __Kenwood Manor, Inc.__          Relationship    **Affiliate**

District    **Northern District of New York**    When **12/11/19**     Case number, if known _____

Debtor  __Good Samaritan Lutheran Health Care Center, Inc.__                    Case number (if known) _____
      Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____

      Number, Street, City, State & ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes.  Insurance agency _____

        Contact name _____

        Phone _____

---

**▨ Statistical and administrative information**

**13. Debtor's estimation of available funds**

    *Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☑ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☑ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,000 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☑ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,000 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor    Good Samaritan Lutheran Health Care Center, Inc.                    Case number (*if known*) _____
          Name

<table>
<tr><td>■■■</td><td>Request for Relief, Declaration, and Signatures</td></tr>
</table>

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/11/19
                MM / DD / YYYY

X _____        Thomas Roemke
  Signature of authorized representative of debtor Title    Printed name

**Secretary, Board of Directors**

**18. Signature of attorney**

X  /s/ Deborah A. Reperowitz                     Date  12/11/19
   Signature of attorney for debtor                     MM / DD / YYYY

**Deborah A. Reperowitz**
Printed name

**Stradley Ronon Stevens & Young, LLP**
Firm name

**100 Park Avenue, Suite 2000**
**New York, NY 10017**
Number, Street, City, State & ZIP Code

Contact phone   (212) 812 - 4124        Email address  dreperowitz@stradley.com

**2147486, New York**

Bar Numbers and State

| Fill in this information to identify the case: |
| --- |

Debtor name **Good Samaritan Lutheran Health Care Center, Inc.**

United States Bankruptcy Court for the: **Northern** District of **New York**
(State)

Case number (if known): _____

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | 1199SEIU Benefit Fund 330 W 42nd Street New York, NY 10036 | Suzanne Hepner Levy Ratner, P.C. 80 Eighth Ave., 8th Floor New York, NY 10011 | Benefits Payable | | | | $257,065.14 |
| 2 | Rainbow Care & Consulting 417A Kenwood Avenue Delmar, NY 12054 | | Trade Debt | | | | $187,611.82 |
| 3 | Harter Secrest & Emery LLP 1600 Bausch & Lomb Place Rochester, NY 14604-2711 | | Professional Services | | | | $170,071.35 |
| 4 | Proskauer-Rose LLP Eleven Times Square New York, NY 10036 | | Professional Services | | | | $141,739.01 |
| 5 | Medical Staffing Network P.O. Box 840292 Dallas, TX 75284-0292 | | Trade Debt | | | | $113,007.57 |
| 6 | McKesson Medical-Surgical P.O. Box 204786 Dallas, TX 75320 | | Trade Debt | | | | $106,653.41 |
| 7 | CDPHP 500 Patroon Creek Blvd. Albany, NY 12206 | | Benefits Payable | | | | $105,973.25 |
| 8 | Hire Flux, LLC P.O. Box 1288 Clifton Park, NY 12065-0805 | | Trade Debt | | | | $101,325.00 |

Debtor    Good Samaritan Lutheran Health Care Center, Inc.    Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  1199SEIU Pension Fund 330 W 42nd Street 27th Floor New York, NY 10036-6977 | | Benefits Payable | | | | $76,306.96 |
| 10  US Foods, Inc. P.O. Box 642554 Pittsburgh, PA 15264-2554 | | Trade Debt | | | | $45,609.82 |
| 11  Driscoll Foods 105 Quist Road Amsterdam, NY 12010 | | Trade Debt | | | | $41,586.38 |
| 12  Omnicare Inc. Dept. 781668 P.O. Box 7800 Detroit, MI 48278-1668 | | Trade Debt | | | | $41,022.06 |
| 13  Bonadio & Co. LLP 6 Wembley Court Albany, NY 12205 | | Professional Services | | | | $24,475.00 |
| 14  Nurse Connection Staffing Inc. 1 Computer Dr. South Albany, NY 12205 | | Trade Debt | | | | $23,949.67 |
| 15  Favorite Healthcare Staffing Inc P.O. Box 26225 Overland Park, KS 66225 | | Trade Debt | | | | $23,456.55 |
| 16  Town of Bethlehem, NH P.O. Box 10596 Albany, NY 12201 | | Utility | | | | $21,641.02 |
| 17  The Lancaster Group, LLC 813 Coopers Court Lancaster, PA 17601-1447 | | Trade Debt | | | | $19,474.11 |
| 18  SOS Corporation 7 Granger Drive Pinehurst, NC 28374 | | Trade Debt | | | | $17,872.89 |
| 19  All American Healthcare Serv. 494 Broad Street, Suite 302 Newark, NJ 07102 | | Trade Debt | | | | $17,285.75 |
| 20  Ginsberg's Institutional Foods P.O. Box 17, Route 66 Hudson, NY 12534 | | Trade Debt | | | | $17,021.45 |

Debtor Name: **Good Samaritan Lutheran Health Care Center, Inc.**
United States Bankruptcy Court for the Northern District of New York

### Alphabetized Listing of All Creditors

1199SEIU Benefit Fund
330 W. 42nd Street, 27th Floor
New York, NY 10036

1199SEIU Child Care Fund
330 W. 42nd Street, 27th Floor
New York, NY 10036

1199SEIU Job Secuirty
330 W. 42nd Street, 27th Floor
New York, NY 10036

1199SEIU Pension Fund
330 W. 42nd Street, 27th Floor
New York, NY 10036

1199SEIU Training Fund
330 W. 42nd Street, 27th Floor
New York, NY 10036

1199SEIU United Healthcare Workers East
330 W. 42nd Street, 27th Floor
New York, NY 10036

Ability Network, Inc.
P.O. Box 856015
Minneapolis, MN 55485-6015

Action Commercial Serv.
45 Sourth Fagan Avenue
Schenectady, NY 12304

Advowaste Medical Services, Inc
P.O. Box 356
Lakewood, NJ 08701

Albany Medical Center Hospital
43 New Scotland Avenue
Albany, NY 12208-3412


Albany Memorial Hospital
P.O. Box 844211
Boston, MA 02284-4211


Alimed Inc.
P.O. Box 206417
Dallas, TX 75320


All American Healthcare Services
494 Broad Street, Suite 302
Newark, NJ 07102


All American Lawn Care
P.O. Box 9
Berne, NY 12023


Allen, Cliff
27 Fairview Avenue
Wynantskill, NY 12198


Amalgamated Bank
P.O. Box 27106
Newark, NJ 07101-0400


American Printing
867 Flatbush Road
Kingston, NY 12401


Apex Sewer & Drain Cleaning Service Inc.
872 Albany-Shaker Road
Latham, NY 12110


Arjo, Inc.
P.O. Box 640779
Pittsburgh, PA 15264-0799

Attentive Care of Albany
5 Computer Drive West
Albany, NY 12205


Bay State Elevator Co.
275 Silver Street
Agawam, MA 01001


Bay State Elevator Co.
385 Main Street, P.O. Box 5
Dalton, MA 01227-0005


B-Lann Equipment Company, Inc.
P.O Box 997
2288 Fifth Avenue
Troy, NY 12180


Bonadio & Co. LLP
6 Wembley Court
Albany, NY 12205


Byrne Dairy Inc.
P.O. Box 176
La Fayette, NY 13084-0176


Caleo Consulting Services, Inc.
32 Century Drive
Malta, NY 12020


Capital Cardilogy Assoc.
7 Southwoods Boulevard
Albany, NY 12211-2526


Capital Region Orthopaedic Grp.
7 Southwoods Blvd
Albany, NY 12211-2526


CDPHP
500 Patroon Creek Blvd.
Albany, NY 12206

Century Linen & Uniform Inc.
335 North Main Street
Gloversville, NY 12078


CHLIC
P.O. Box 64456
Pittsburgh, PA 15264-4546


CNA Environmental LLC
27 Kent Street
Suite 102
Ballston Spa, NY 12020


Cool Insuring Agency
2 Country Club Road, Ste. 1
Queensbury, NY 12804-2424


Cross Country Staffing Medical Staffing Network
1881 Western Ave, Suite 150
Albany, NY 12203


Cummins Northeast LLC
P.O. Box 419404
Boston, MA 02241


Cummins Sales and Service
155 Rittenhouse Circle
Bristol, PA 19007


Dellenbaugh MD, Samuel
121 Everett Road
Albany, NY 12205-1407


Directions in Nursing
219 Main Street, Suite 5
Ceder Falls, IA 50613


Driscoll Foods
105 Quist Road
Amsterdam, NY 12010

DSC Security Centers
P.O. Box 38216
Albany, NY 12203


DV Electric, Inc.
124 Giffords Church Road
Schenectady, NY 12306


Dynasty Chemical Corp.
P.O. Box 11776
Albany NY 12211


E&S Medical Staffing c/o A/R Funding
P.O. Box 16253
Greenville, SC 29606


ExxonMobil/GECC
P.O. Box 78001
Phoenix, AZ 85062


EzProducts International, Inc.
P.O. Box 1289
Wauchula, FL 33873


Favorite Healthcare Staffing Inc
P.O. Box 26225
Overland Park, KS 66225


Fire Security & Sound Systems, Inc.
4 Avis Drive, Ste 110
Latham, NY 12110


FirstLight Fiber
P.O. Box 1301
Williston, VT 05495-1301


Folmer, Jeffrey
PO Box 463
Great Barrington, MA 01230

Frederick Fletcher, MD
121 Everett Road
Albany, NY 12205-1407


General Paper Control Corp.
16 County Rte 93
New Hampton, NY 10958


Ginsberg's Institutional Foods
P.O. Box 17
Route 66
Hudson, NY 12534


Gonzales, Jeff
531 Kenwood Avenue
Delmar, NY 12054


Grainger
35 Corporate Circle
Albany, NY 12203-5154


Gray Electric Company
2315 Second Avenue
Schenectady, NY 12303


GSLHCC Resident Fund Acct c/o Good Samaritan Nursing Home
125 Rockefeller Road
Delmar, NY 12054


H&R Healthcare, L.P.
1750 Oak Street
Lakewood, NJ 08701


Harter Secrest & Emery LLP
1600 Bausch & Lomb Place
Rochester, NY 14604-2711


HD Supply Facilities Maintenance
P.O. Box 509058
San Diego, CA 92150-9058

Hill & Markes
P.O. Box 7
1997 State Highway 5S
Amsterdam, NY 12010

Hire Flux, LLC
P.O. Box 1288
Clifton Park, NY 12065-0805

Hudson Valley Organic Pest Control
7 Leslie Circle
East Greenbush, NY 12061

IDenticard Systems Inc.
39597 Treasury Center
Chicago, IL 60694-9500

INNOVEX
11 Powder Hill Road
Lincoln, RI 02865

Iron Mountain Inc.
P.O. Box 27128
New York, NY 10087-7128

James D. Warren & Son Inc
69 Fourth Avenue
Albany, NY 12202

Johnson Controls Fire Protection
Dept CH 10320
Palatine, IL 60055-0320

Johnston Food Service & Cleaning
P.O. Box 736
Auburn, NY 13021

Johnstone Supply
2600 6th Avenue
Troy, NY 12180

Kawola, Jeffrey
PO Box 31
Averill Park, NY 12018


KCI USA
P.O. Box 301557
Dallas, TX 75303


Kenwood Manor, Inc.
125 Rockefeller Road
Delmar, NY 12054


Language Fundamentals
1032 Main Street
Fishkill, NY 12524


Language Fundamentals
6 Logans Way
Hopewell Junction, NY 12533


Lee A. Kaback MD
121 Everett Road
Albany, NY 12205-1407


Leland Paper Company, Inc.
10 Leland Drive
Glen Falls, NY 12801


Life Gas
24963 Network Place
Chicago, IL 60673-1249


Lowe's Credit Services
P.O. Box 530954
Atlanta, GA 30353


Mailfinance
Dept 3682
P.O. Box 123682
Dallas, TX 75312-3682

Marlin Business Bank
P.O. Box 13604
Philadelphia, PA 19101


Maxim Healthcare Services D/B/A Maxim Staffing Sol.
159 Wolf Road, Suite 100A
Albany, NY 12205


Maxim Healthcare Services, Inc.
12558 Collections Ctr Dr
Chicago, IL 60693


McKesson Medical-Surgical
P.O. Box 204786
Dallas, TX 75320


Med Part
3052 Brighton 1st St. 502
Brooklyn, NY 11235


Medical Staffing Network
P.O. Box 840292
Dallas, TX 75284-0292


Memory Lane
266 Mansion Street
Coxsackie, NY 12051


Mobile Equipment Service
8536 Burnet Road
Clay, NY 13041


Modern Press
One Colonie Street
Albany, NY 12207


Mohawk Hosp. Equip. Inc.
P.O. Box 27
Utica, NY 13503

Mohawk Hospital Equip.
335 Columbia Street
Utica, NY 13502


Nascentia Health
1050 West Genesee Street
Syracuse, NY 13204


National Grid
P.O. Box 11742
Newark, NJ 07101-4742


Neofunds by Neopost
P.O. Box 30193
Tampa, FL 33630-3193


Nurse Connection Staffing
1 Computer Drive
South Albany, NY 12205


Nurse Connection Staffing Inc.
1 Computer Dr.
South Albany, NY 12205


NuStep LLC
5111 Venture Drive, Suite 1
Ann Arbor, MI 48108


NY Oncology Hematology PC
P.O. Box 18259
Newark, NJ 07191-8259


NYS Department of Health One Commerce Plaza
99 Washington Avenue, Room 1432
Albany, NY 12210-2808


NYS OMIG/RAC
PO Box 417778
Boston, MA 02241-7778

Omnicare Inc.
Dept. 781668
P.O. Box 7800
Detroit, MI 48278-1668

Orthopedics NY LLP
121 Everett Road
Albany, NY 12205

Performance Health
P.O. Box 93040
Chicago, IL 60673-3040

Philips Hardware
6495 State Rourt 158
Altamont, NY 12009-5220

Phoenix Textile Corp.
P.O. Box 1328
Saint Peters, MO 63376-0023

Precision Chemical Service, Inc.
653 Manitou Road
Hilton, NY 14468

Precision Health, Inc.
P.O. Box 2559
Malta, NY 12020-8559

Proskauer-Rose LLP
Eleven Times Square
New York, NY 10036

Rainbow Care & Consulting
417A Kenwood Avenue
Delmar, NY 12054

RBM - Guardian Fire Protection
8 Enterprise Drive
Albany, NY 12204

Ricoh USA, Inc.
P.O. Box 827577
Philadelphia, PA 19182-7577


Ronco Specialized Systems, Inc.
P.O. Box 419894
Boston, MA 02241


Samaritan Hospital
2215 Burdett Avenue
Troy, NY 12180


Samaritan Hospital
P.O. Box 844228
Boston, MA 02284-4228


Sharon Springs Garage, Inc.
1175 Hoosick Road
Troy, NY 12180


Skyline Publishing
PO Box 9014
Peoria, IL 61612


Slingerland, Paul
7 Mohawk Avenue
Rensselaer, NY 12144


Smartlinx Solutions, Inc.
333 Thornall Street, 4th Floor
Edison, NJ 08837


Social Security Administration
PO Box 3430
Philadelphia, PA 19122-9985


SOS Corporation
7 Granger Drive
Pinehurst, NC 28374

Spotlight Newspapers
P.O. Box 182
Elizabethtown, NY 12932


Staples Advantage
Dept. BOS
P.O. Box 415256
Boston, MA 02241-5256


Stericycle Inc.
P.O. Box 6582
Carol Stream, IL 60197-6582


Stericycle
4010 Commercial Ave.
Northbrook, IL 60062


The Lancaster Group, LLC
813 Coopers Court
Lancaster, PA 17601-1447


The Lutheran Care Network HRA
700 White Plains Road, Suite 377
Scarsdale, NY 10583


The Lutheran Care Network
700 White Plains Road, Suite 377
Scarsdale, NY 10583


The Paul Revere Life Ins. Co.
Premium Processing
PO Box 903
Columbia, SC 29202-0903


Time Warner Cable
PO Box 70872
Charlotte, NC 28272-0872


Today's Options
PO Box 505057
St Louis, MO 63150-5057

Town of Bethlehem, NH
P.O. Box 10596
Albany, NY 12201


Ungerman Electric Inc.
395 Sheridan Avenue
Albany, NY 12206


Uniform Advantage/Chef Uniforms
Att: Accts. Receivables
101 NE 3rd Ave. Ste 2000
Fort Lauderdale, FL 33301


Urbonowicz Enterprise, LLC
196 Pettis Road
Gansevoort, NY 12831


US Foods, Inc.
P.O. Box 642554
Pittsburgh, PA 15264-2554


W.B. Mason Company, Inc.
P.O. Box 55840
Boston, MA 02205-5840


Waste Management of Eastern NY
PO Box 13648
Philadelphia, PA 19101


Weblications, LLC
101 College Road East, 1st Floor
Princeton, NJ 08540

## OFFICER'S CERTIFICATE

December 11, 2019

I, Thomas Roemke, hereby certify that I am a duly appointed and acting Director of GOOD SAMARITAN LUTHERAN HEALTH CARE CENTER, INC., a New York not-for-profit corporation (the "**Corporation**"), and I am delivering this Officer's Certificate to Amalgamated Bank, a New York banking corporation (the "**Lender**"), in my capacity as a Director of the Corporation pursuant to that certain Debtor-In-Possession Credit Agreement dated on or about the date hereof by and among the Corporation, Kenwood Manor, Inc., and the Lender (the "**DIP Agreement**"). I hereby certify to the Lender, in my capacity as a Director of the Corporation and not in my personal capacity, that:

1.      New York Good Standing Certificate. The Corporation is a corporation duly incorporated and validly existing under and by virtue of the laws of the State of New York, and is in good standing in the State of New York. Attached hereto as **Exhibit A** is a good standing certificate with respect to the Corporation issued by the Secretary of State of the State of New York, dated December 6, 2019.

2.      Certificate of Incorporation of the Corporation. Attached hereto as **Exhibit B** is a true, correct, and complete copy of the Corporation's Certificate of Incorporation, and any amendments thereto, which is in full force and effect as of the date hereof, and no further modifications, amendments, supplements or restatements have been made thereto. No proceedings for the modification, amendment or rescission thereof are pending or contemplated, and no modification, amendment or other document relating to or affecting the Corporation's Articles of Incorporation has been filed in the office of the Secretary of State of the State of New York since the date of this Certificate, and no action has been taken by the Corporation, its shareholders, officers or directors in contemplation of the filing of any such modification, amendment or other document or in contemplation of the liquidation or dissolution of the Corporation.

3.      Bylaws of the Corporation. Attached hereto as **Exhibit C** is a true, correct, and complete copy of the Corporation's Bylaws, which are in full force and effect as of the date hereof, and no modifications, amendments, supplements or restatements have been made thereto.

4.      Resolutions. Attached hereto as **Exhibit D** is a true, correct, and complete copy of resolutions (the "**Resolutions**") duly adopted at a meeting of the Corporation's board of directors, pursuant to which, among other things, the board of directors authorized the Corporation to (i) execute, deliver, and perform under the DIP Agreement and all related documents, and (ii) complete all transactions described in and contemplated thereby. Such Resolutions are the only resolutions of the Corporation's board of directors with respect to the matters therein set forth and have not been amended, modified, or rescinded and are in full force and effect on and as of the date hereof.

5.      Incumbency of Officers. Attached hereto as **Exhibit E** is the incumbency certificate for the Corporation.

{00516818.1}

4350750v.2

6.    <u>Qualifications of Certificate</u>.  All certifications made pursuant hereto are made as of the date hereof, and the undersigned shall have no personal liability for any of the certifications made herein.

**[The remainder of this page is intentionally left blank.]**

IN WITNESS WHEREOF, the undersigned has executed this Officer's Certificate as of the date first written above.

Name:  Thomas Roemke
Title:   Director

**EXHIBIT A**

Omitted

## **EXHIBIT B**

Omitted

## **EXHIBIT C**

Omitted

**EXHIBIT D**

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## GOOD SAMARITAN LUTHERAN HEALTH CARE CENTER, INC.

**1.  Authority to File Chapter 11 Petition and Prosecute Chapter 11 Case**

**WHEREAS**, the Board of Directors (the "**Board**") of GOOD SAMARITAN LUTHERAN HEALTH CARE CENTER, INC., a New York not-for-profit corporation (the "**Corporation**"), has met and discussed the financial stability of the Corporation and its ability to continue to fulfill its mission to plan, construct, erect, build, acquire, alter, reconstruct, rehabilitate, own, maintain and operate a nursing home project pursuant to the New York State Public Health Law;

**WHEREAS**, after due consideration, the Board believes it is desirable and in the best interest of the Corporation, its residents, affiliates, creditors, sole member, and other interested parties, that the Corporation file a voluntary petition to commence a case (the "**Bankruptcy Case**"), to be jointly administered with the bankruptcy case of the Corporation's affiliate, Kenwood Manor, Inc. ("**Kenwood**"), pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in order to manage the company's liabilities, including the sale of the Corporation's assets to Delmar SNF Operations Associates, a newly formed entity by Centers Health Care, and/or its affiliates pursuant to (i) an Asset Purchase Agreement, (ii) a Purchase and Sale Agreement, (iii) a Receivership Agreement – Nursing Home, and (iv) such other agreements, documents, instrument or certificates executed in connection therewith (the "**Purchase Documents**"); and

**WHEREAS**, in preparation for filing the Bankruptcy Case, the Corporation has, pursuant to Resolutions of the Board of the Corporation, dated as of October 21, 2019 (the "**Preparatory Resolutions**"), resolved, among other things: (i) to authorize and empower the Corporation to prepare for and file the Bankruptcy Case including the execution and/or filing of any motions, orders, certificates, instruments, agreements or other documents as recommended by Bankruptcy Counsel; (ii) to retain Stradley Ronon Stevens & Young, LLP as bankruptcy and transactional counsel ("**Bankruptcy Counsel**") to the Corporation to represent the Corporation in connection with its bankruptcy case; (iii) to authorize the Corporation to retain other professionals, as necessary, to assist the Corporation in its Bankruptcy Case, and (iv) to incur subordinated secured indebtedness, on a joint and several basis with Kenwood, for the principal purpose of preparing the Bankruptcy Case, up to the amount of $500,000, by borrowing such amount from the Corporation's sole member, The Lutheran Care Network, Inc., a New York not-for-profit corporation which loan and the use of proceeds thereof has previously been approved and received and is hereby ratified by the Board.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the Board be, and hereby is, authorized and empowered by the Bylaws of the Corporation to file the Bankruptcy Case in the Bankruptcy Court for the Northern District of New York, Albany Division (the "**Bankruptcy Court**") and that all actions contemplated and

{00516818.1}

taken in connection and furtherance of the Bankruptcy Case, including but not limited to the execution of these resolutions, are and will be taken at a meeting of the Board, or by unanimous written consent of the Board, as the Board is so authorized to act; and be it further

**RESOLVED**, that in addition to and not in lieu of anything to the contrary herein, the Board ratifies and remakes the Preparatory Resolutions, attached hereto as Schedule 1; and be it further

**RESOLVED**, that any and all officers, directors and agents of the Corporation (individually, an "**Authorized Officer**" and collectively, the "**Authorized Officers**") be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Corporation, to execute and verify the bankruptcy petition and any and all other pleadings and documents necessary for the commencement and prosecution of the Bankruptcy Case and to cause the same to be filed with the Bankruptcy Court at such time as the Authorized Officers, or any of them, shall determine in concert with Bankruptcy Counsel, and it is further

**RESOLVED**, that the Authorized Officers, and each of them hereby is, authorized, on behalf of and in the name of the Corporation, to execute and file all schedules, lists and other papers and to take any and all actions which such Authorized Officers, or any of them, in consultation with Bankruptcy Counsel, deem to be necessary or proper in connection with the Bankruptcy Case, including obtaining debtor-in-possession financing, bargaining with 1199SEIU Healthcare Workers East, retaining such professionals as are necessary in connection with the Bankruptcy Case, and conducting the sale of the Corporation's assets in the Bankruptcy Case and appointing a receiver in connection with such sale; and be it further

**RESOLVED**, that the terms and provisions of each of the Purchase Documents be, and the same hereby are, in all respects, approved, adopted and ratified, and that the Authorized Officers be, and each of them individually hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute, deliver and perform the obligations of the Corporation under each of the Purchase Documents with such changes as they shall approve on behalf of the Corporation, such approval to be conclusively established by their execution and delivery thereof.

## 2. Authority to Enter into DIP Facility

**WHEREAS**, in connection with and in order to provide financing for the Bankruptcy Case, including the operations of the Corporation during the Bankruptcy Case, among other things, the Corporation, together with Kenwood, desires to enter into, jointly and severally, a Debtor-In-Possession Credit Agreement (the "**DIP Agreement**") with Amalgamated Bank, a New York banking corporation (the "**Lender**"), pursuant to which the Lender shall make available to the Corporation and Kenwood a delayed draw term loan in the amount of up to One Million Dollars ($1,000,000.00) (the "**DIP Facility**"), all as more fully set forth in the DIP Agreement (collectively, the "**DIP Loan Transaction**");

**WHEREAS**, in connection with the DIP Loan Transaction, the Corporation has agreed to (i) grant to Lender a lien upon and security interest in all of its assets, and (ii) execute such agreements, certificates, instruments or documents as may be required to be executed and

{O0516818.1}

delivered by the Corporation as requested by the Lender (collectively, the "**Corporation Loan Documents**"); and

**WHEREAS**, the Board has determined that the Corporation's execution and delivery of the Corporation Loan Documents for the purpose of consummating the Loan Transaction is advisable and in the best interests of the Corporation.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the forms, terms and provisions of each of the Corporation Loan Documents be, and the same hereby are, in all respects, approved, adopted and ratified, and that the Authorized Officers be, and each of them individually hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute, deliver and perform the obligations of the Corporation under each of the Corporation Loan Documents with such changes as they shall approve on behalf of the Corporation, such approval to be conclusively established by their execution and delivery thereof; and be it further

**RESOLVED**, that the Authorized Officers be, and each of them individually hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to pledge, assign, hypothecate or grant a security interest or lien to the Lender in any and all of the assets of the Corporation, now owned or hereafter acquired, together with all proceeds thereof, in order to secure the Corporation's obligations to the Lender pursuant to the Corporation Loan Documents, upon such terms and conditions as may be agreed upon between the Lender and such Authorized Officer, to execute and deliver all documentation that such Authorized Officer deems to be appropriate, necessary or desirable with respect thereto, and to take or cause to be taken any such action as may be necessary, appropriate or desirable to cause the Corporation to create, perfect and maintain a security interest in the Corporation's property or assets constituting collateral as described or contemplated in the Corporation Loan Documents; and be it further

**RESOLVED**, that the Authorized Officers be, and each of them hereby individually is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and deliver all such further agreements, assignments, amendments, requests, reports, notes, documents and other instruments, and to take all such further action, as the Authorized Officer in his discretion may consider necessary or appropriate in order to carry out the terms of the Corporation Loan Documents and each other document entered into in connection therewith and the transactions contemplated thereby and to carry out the foregoing resolutions; and be it further

**RESOLVED,** that Thomas Roemke is hereby authorized and empowered to certify a copy of these resolutions to the Lender for reliance thereon by the Lender in entering into the DIP Loan Transaction.

### 3. **Notice; General Authority; and Ratification**

**RESOLVED,** that all members of the Board have received sufficient notice of and an opportunity to ask questions regarding the actions relating to the Bankruptcy Case, the sale under the Purchase Documents and preparation therefore, as may be required by the Bylaws of the Corporation, or hereby waive any right to have received such notice; and be it further

{00516818.1}

**RESOLVED**, that any and all officers of the Corporation and agents of the Corporation are authorized and directed to do, perform, or cause to be done and performed all further acts and things and to make, execute and deliver, or cause to be made, executed and delivered, all such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates and other such documents in the name and on behalf of the Corporation or otherwise as any Authorized Officers may, in consultation with Bankruptcy Counsel or such other professionals and consultants as such Authorized Officers deem appropriate, deem necessary or appropriate to effectuate or carry out fully the purposes of the foregoing resolutions and any other actions advisable or necessary to file and prosecute the Bankruptcy Case and sale of the Corporation's assets as contemplated hereby; and be it further

**RESOLVED**, that any and all actions previously taken in furtherance of the foregoing resolutions by any Authorized Officers be, and hereby are, ratified, approved and confirmed in all respects with the same validity and effect as if such acts had been previously authorized and directed by the Board.

The Board, having given due and proper consideration to all matters and things which are necessary or appropriate for them to evaluate and reach an informed conclusion as to the fairness and reasonableness of the actions described herein, hereby consent to the adoption of, and do hereby adopt, the foregoing resolutions with the intent that the same shall be valid corporate actions in accordance with the bylaws of the Corporation and applicable law.

These resolutions were approved by the Board at a duly noticed and valid meeting of the Board of Directors of Good Samaritan Lutheran Health Care Center, Inc. on the 11th day of December, 2019.

{00516818.1}

Schedule 1

(See Attached)

# GOOD SAMARITAN LUTHERAN HEALTH CARE CENTER, INC.

## &

## KENWOOD MANOR, INC.

### Resolutions Adopted at the Joint Meeting of the Boards of Directors
### Held on October 21, 2019

The following Resolutions were passed at the Joint Meeting of the Boards of Directors of Good Samaritan Lutheran Health Care Center, Inc. and Kenwood Manor, Inc. (collectively, the "Good Samaritan Entities") held on October 21, 2019:

## FILING FOR BANKRUPCY PROTECTION AND RETENTION OF BANKRUPTCY COUNSEL

**WHEREAS,** the Directors discussed the severe financial crisis presented by the ongoing liquidity problems of the Good Samaritan Entities, which have threatened any ability of the Good Samaritan Entities to continue operations; and

**WHEREAS,** the Directors discussed the limited options available, including the joint filing by the Good Samaritan Entities for bankruptcy protection under Chapter 11 of the United State Bankruptcy Code: and

**WHEREAS,** the Directors further discussed the hiring of Deborah A. Reperowitz, Esq., a nationally recognized bankruptcy attorney affiliated with the law firm of Stradley Ronon, to handle the bankruptcy proceeding on their behalf; and

**WHEREAS,** The Lutheran Care Network ("TLCN"), the sole member of both of the Good Samaritan Entities, has been using Mark E. Chopko, Esq., another attorney at Stradley Ronan, to provide certain corporate and not-for-profit services on its behalf over the past several years, and intends to continue using Mr. Chopko to provide such services in the future; and

**WHEREAS,** since Ms. Reperowitz and Mr. Chopko are both affiliated with the same law firm, the Boards of Directors of the Good Samaritan Entities have been asked to determine whether the previous and continued use of Mr. Chopko by TLCN would present any conflict of interest or other issues, in light of the proposed retention of Ms. Reperowitz by the Good Samaritan Entities;

## NOW THEREFORE, IT IS HEREBY RESOLVED:

1.    That the commencement of the bankruptcy proceedings under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Proceedings") by both of the Good Samaritan Entities is hereby approved, and that Thomas Roemke , one of the directors of the Good Samaritan Entities, is hereby authorized and directed to execute the bankruptcy petitions and any and all other

instruments, certificates, statements or other documents related to, arising from and/or necessary or appropriate to effectuate the commencement and continuation of the Bankruptcy Proceedings; and

2.      That the retention of Deborah A. Reperowitz, Esq. to handle the Bankruptcy Proceedings on behalf of the Good Samaritan Entities be and it is hereby approved, and that Thomas Roemke is hereby further authorized and directed to execute an engagement letter containing the terms of such engagement, and pay the required retainer fee to the law firm of Stradley Ronon; and

3.      That TLCN's prior, current or future retention of Mr. Chopko by TLCN, to handle certain matters on its behalf, does not conflict with the retention of Ms. Reperowitz by the Good Samaritan Entities to handle the Bankruptcy Proceedings, and that the Good Samaritan Entities hereby waive any objection they may otherwise have to TLCN's continued used of Mr. Chopko as one of its attorneys.

## INCREASE IN AMALGAMATED BANK MORTGAGE

**WHEREAS,** the real property owned by the Good Samaritan Entities (the "Good Samaritan Property") is encumbered by a Loan and Mortgage held by Amalgamated Bank (the "Mortgage"), which is currently in default; and

**WHEREAS,** as part of the proposed Bankruptcy Proceedings, Amalgamated Bank has agreed to provide additional financing to the Good Samaritan Entities in the amount of One Million Dollars ($1,000,000 (the "New Amalgamated Bank Loan"), in accordance with its commitment letter, to be added to and secured by the existing Mortgage on the Good Samaritan Property; and

**WHEREAS,** the approval of the Directors of the Good Samaritan Entities is required for the New Amalgamated Bank Loan;

**NOW THEREFORE, IT IS HEREBY RESOLVED:**

1.      That the obtaining of the New Amalgamated Bank Loan in the amount of $1,000,000, to be secured by the existing Mortgage on the Good Samaritan Property, as well as certain other collateral, be and it hereby is approved; and

2.      That Thomas Roemke one of the Directors of the Good Samaritan Entities, be and he hereby is authorized and directed to execute, on behalf of the Good Samaritan Entities, any and all instruments, certificates, statements and/or other documents and pay all expenses related to, arising from and/or necessary or appropriate in connection with the New Amalgamated Bank Loan.

## LOAN FROM THE LUTHERAN CARE NETWORK

**WHEREAS,** the contemplated filing of the Bankruptcy Proceedings will require the payment of significant fees and expenses by the Good Samaritan Entities, which are far in excess of the funds currently available to the Good Samaritan Entities; and

**WHEREAS,** TLCN, as the sole member of the Good Samaritan Entities, has agreed to make a secured loan to the Good Samaritan Entities in the approximate amount of $425,000 (the "TLCN Loan"), to be secured by a mortgage on the Good Samaritan Property, which will be subordinate to the existing Mortgage on the Good Samaritan Property held by Amalgamated Bank; and

**WHEREAS,** the Directors discussed the terms and conditions of the proposed TLCN Loan, and determined that such loan is in the best interest of the Good Samaritan Entities;

### NOW THEREFORE, IT IS HEREBY RESOLVED:

1.      That the obtaining of the TLCN Loan in the approximate amount of $425,000, under the terms and conditions discussed, to be secured by a subordinate mortgage on the Good Samaritan Property, be and it hereby is approved; and

2.      That Thomas Roemke, one of the Directors of the Good Samaritan Entities, be and he hereby is authorized and directed to execute, on behalf of the Good Samaritan Entities, any and all instruments, certificates, statements and/or other documents and pay all expenses related to, arising from and/or necessary or appropriate in connection with the TLCN Loan.

## NEGOTIATIONS FOR SALE OF GOOD SAMARITAN FACILITIES AND PROPERTY AND RETENTION OF COUNSEL

**WHEREAS,** the Directors discussed the fact that the continued operation of the Good Samaritan Facilities by the Good Samaritan Entities was no longer financially viable, and that the sale of the Good Samaritan Facilities and Property would be in the best interest of the Good Samaritan Entities; and

**WHEREAS,** the Directors further discussed the negotiations that have been taking place with Centers Health Care, for the purchase of the Good Samaritan Facilities and Property by an affiliate of Centers Health Care, which would occur in conjunction with and subsequent to the commencement of the Bankruptcy Proceedings; and

**WHEREAS,** the negotiations are still in the preliminary stages, with certain terms and conditions to still be worked out by the parties;

**NOW THEREFORE, IT IS HEREBY RESOLVED:**

1.      That the continuation of negotiations with Centers Health Care for the possible sale of the Good Samaritan Facilities and Property to an affiliate of Centers Health Care is hereby authorized and approved, subject to the further approval of the Boards of Directors of the Good Samaritan Entities of the final terms and conditions; and

2.      That Laraine Fellegara, the Chief Executive Officer of TLCN, be and she hereby is authorized to act as the agent of the Good Samaritan Entities in conducting the negotiations with Centers Health Care, subject to the final approval of the Directors of the final terms and conditions; and

3.      That the retention of Nancy Sciochetti, Esq., to handle all legal work involved in the negotiations with Centers Health Care on behalf of the Good Samaritan Entities, be and it is hereby approved, and that Thomas Roemke, one of the Directors of the Good Samaritan Entities, is hereby authorized and directed to execute an engagement letter containing the terms of Ms. Sciochetti's engagement, and pay the retainer fee required for such engagement.

**IN WITNESS WHEREOF,** the undersigned does hereby execute and attest to the adoption of these Resolutions on October 21, 2019.

_____

Name:

Director:

**<u>EXHIBIT E</u>**

Omitted