# S. MITNICK LAW PC

Steven J. Mitnick, Attorney at Law • smitnick@sm-lawpc.com
Marc D. Miceli, Of Counsel • mmiceli@sm-lawpc.com

P.O. Box 530 • 49 Old Turnpike Road • Oldwick, NJ 08858
P: 908.572.7275 • F: 908.572.7271
sm-lawpc.com

February 15, 2023

**VIA CM/ECF Electronic Filing**
The Honorable Robert E. Littlefield, Jr.
United States Bankruptcy Court for the Northern District of New York
James T. Foley United States Courthouse
445 Broadway, Suite 330
Albany, NY 12207

    Re:    *Good Samaritan Lutheran Health Care Center, Inc.* (Case No. 19-12215) and *Kenwood Manor, Inc.* (Case No. 19-12216) (the "Debtors")

Dear Judge Littlefield:

    Pursuant to the Second Amended Joint Chapter 11 Plan of Liquidation confirmed on December 2, 2020 (the "Plan"), I serve as the Plan Administrator ("Plan Administrator") appointed in the bankruptcy cases of Good Samaritan Lutheran Health Care Center, Inc. d/b/a Bethlehem Commons Care Center ("Good Sam") and Kenwood Manor, Inc. ("Kenwood" and together with Good Sam, the "Debtors"), jointly administered under Case No.: 19-12215 and pending in the United States Bankruptcy Court for the Northern District of New York, Albany Division (the "Bankruptcy Court").

    As this Bankruptcy Court is well aware, the sale of the Debtors' assets ("Sale") to the Purchasers (defined below) was approved by the Bankruptcy Court nearly three (3) years ago, on March 13, 2020. Unfortunately the Sale has not closed, due to the protracted delay by the New York State Department of Health ("NYDOH") in the consideration and approval of the Certificate of Need ("CON") applications submitted by receivers (and operations purchasers) for the Debtors' facilities, Delmar SNF Operations, Inc. ("Delmar SNF") and Delmar AH Operations Associates, LLC ("Delmar AH" and collectively with Delmar SNF, the "Receivers" and "Operations Purchasers").

    The prolonged delay caused the Court to schedule a "Show Cause" hearing for May 25, 2022 at 10:30 a.m. (ET) as to why the Report of Substantial Consummation (Local Rule 3022-1) and the Application for Final Decree (F.R.B.P. 3022) have not been filed in the Debtors' Chapter 11 Cases. Such hearing has been continued and adjourned numerous times based upon representations and expectations that the Receivers' pending CON applications would be placed on the Public Health and Health Planning Council ("PHHCP") agenda for multiple meetings over the last year, which meetings typically occur once every two months. However, at the most recent such hearing before this Bankruptcy Court on January 25, 2023 ("January 25th Hearing"), the NYDOH disclosed that the Centers Health Care group ("Centers"), which I understand may be associated with the Receivers/Operations Purchasers, is the subject of a "formal

1

investigation" by the Medicaid Fraud Control Unit of the Office of the New York State Attorney General. Moreover, the NYDOH stated at the January 25th Hearing that in light of the pending fraud investigation, it would not be moving forward with its review, processing and/or recommendations regarding the pending CON applications for the transfer of ownership of the facilities.

This news from the NYDOH was unexpected, and has required evaluation. First, with respect to the pending receivership, since June 1, 2020, the Receivers have been serving as receivers of the Debtors' facilities pursuant to the (i) Receiver Agreement – Nursing Home dated as of May 28, 2020, by and between Good Sam and Delmar SNF, and (ii) Receiver Agreement – Adult Home dated as of May 28, 2020, by and between Kenwood and Delmar AH (collectively, the "Receiver Agreements"), which Receiver Agreements were approved by the NYDOH. It is my understanding that (i) since June 1, 2020, the NYDOH has extended and continued the term of the receivership, and (ii) based upon the NYDOH's representations at January 25th Hearing, that the NYDOH has no "short term" plans to modify or terminate the term of the receivership, or otherwise impact daily operations at the Debtors' facilities. While that provides some comfort, it remains unclear whether the NYDOH will permit the Receivers to stay in place for an extended period of time. As Plan Administrator, I am currently evaluating the Debtors' rights and remedies under the Receiver Agreements.

Second, I am also evaluating the Debtors' rights and remedies under (A) (i) the Asset Purchase Agreement dated as of December 10, 2019, by and between Good Sam and Delmar SNF, as subsequently amended (the "SNF APA"), and (ii) the Asset Purchase Agreement dated as of December 10, 2019, by and between Kenwood and Delmar AH, as subsequently amended (the "AH APA," together with the SNF APA collectively, the "Asset Purchase Agreements"); (B) (i) the Purchase and Sale Agreement dated as of December 10, 2019, as subsequently amended (the "SNF Realty Agreement"), by and between Good Sam and Delmar SNF Realty Associates, LLC ("Delmar SNF Realty"), and (ii) the Purchase and Sale Agreement dated as of December 10, 2019, as subsequently amended (the "AH Realty Agreement", together with the SNF Realty Agreement, collectively, the "Real Estate Agreements" and together with the Asset Purchase Agreements, the "Sale Agreements"), by and between Good Sam and Delmar AH Realty Associates, LLC ("Delmar AH Realty" and together with Delmar SNF Realty, the "Realty Purchasers" and together with the Operations Purchasers collectively, the "Purchasers"). The Sale Agreements were set to expire/terminate in the March 2022 timeframe, but the parties entered into various amendments extending out that date, which date is now March 31, 2023. *See* ECF 387. Finally, the Debtors have been in default under the Debtor-in-Possession Credit Agreement dated as of January 9, 2020 with Amalgamated Bank, as subsequently amended (the "DIP Agreement"). While reserving all rights, Amalgamated Bank has previously agreed to amendments that included an extension of the maturity date and a forbearance period, which period expires and maturity date occurs on March 31, 2023. *See* ECF 387.

Accordingly, all relevant parties are confronted with a March 31, 2023 deadline under the Sale Agreements and DIP Agreement. An extension of that deadline requires not only my consent, as well as the consent of the Purchasers and Amalgamated Bank. As all key parties are continuing to evaluate their options, it is unclear at this juncture whether such deadline will be extended. Importantly, any termination under the Sale Agreements may trigger a termination under the Receiver Agreements, and vice-versa.

I look forward to continuing discussions with the key parties on these issues, to among other things, better understand whether the current arrangement may continue in the short term, for how long of a period, and what may be necessary/required by the relevant parties (including, Amalgamated Bank) to permit such extension, so that I may evaluate the best course on behalf of the Debtors and their estates.

I also look forward to a more fulsome disclosure from the Receivers/Operations Purchasers and the NYDOH as to the nature of the investigation, its contemplated timeline, and the basis for the NYDOH's postponement of the CON.

Very truly yours,

Steve Mitnick
*Bankruptcy Plan Administrator for Good Samaritan Lutheran Health Care Center, Inc. d/b/a Bethlehem Commons Care Center and Kenwood Manor, Inc.*

cc:   All counsel of record via CM/ECF
Sean Doolan, on behalf of Centers (via e-mail)
Leanne Kontogiannis, on behalf of Centers (via e-mail)
John S. Mairo, Esq., on behalf of Amalgamated Bank (via e-mail)
Kelly D. Curtin, Esq., on behalf of Amalgamated Bank (via e-mail)
Amy J. Ginsberg, on behalf of U.S. Trustee (via e-mail)
Lisa M. Penpraze, on behalf of U.S. Trustee (via e-mail)
Ryan Barber, on behalf of Creditor 1199 SEIU (via e-mail)
Francis J. Brennan, on behalf of Health Care Ombudsman Dawn Lenahan, Patient Care Ombudsman (via e-mail)
E. Stewart Jones, on behalf of Creditor Mark Forman (via e-mail)
William F. Berglund, on behalf of Creditor The Lutheran Care Network, Inc. (via e-mail)
Daniel M. Pereira, Former Counsel to the Debtors (via e-mail)
Deborah Reperowitz, Former Counsel to the Debtors (via e-mail)
Louis Testa on behalf of Creditor New York State Department of Health and Creditor New York State Office of the Medicaid Inspector General (via e-mail)
Marthe Ngwashi, Counsel, Department of Health (via e-mail)
Jessica I. Apter (via mail)
Kevin Laurillard on behalf of Creditor Crisafulli Bros. Plumbing and Fleating Contractors, Inc. (via mail)
Kimberly Lehmann on behalf of Creditor 1199 SEIU (via mail)
Waste Management of New York LLC (via mail)
Mischa Wheat (via mail)